UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

VIJAY S. BHANDARI, *Individually and as Executor of the Estate of Trinidad Garcia-Bhandari*,

    Plaintiff,

v.

RICHARD C. BITTNER, AVENTIS HOLDINGS, INC., AVENTIS, INC., HOECHST MARION ROUSSEL, INC., AVENTIS PHARMACEUTICALS, INC., HMR PHARMA, INC., QUINTILES TRANSNATIONAL CORP., QUINTILES LABORATORIES LTD, QUINTILES, INC., LABORATORY CORP. OF AMERICA HOLDINGS, LABORATORY CORP. OF AMERICA, and JOHN DOE,

    Defendants.

**DECISION AND ORDER**
03-CV-12S

---

## I.  INTRODUCTION AND BACKGROUND

This case was removed from state court on January 9, 2003. Plaintiff Vijay S. Bhandari is suing Defendants on his own behalf and as executor of his deceased wife's estate. Plaintiff filed two actions in this court (see also 03-CV-55) alleging negligence, strict products liability, breach of warranty, fraudulent misrepresentation, and fraudulent concealment relating to the manufacture, marketing, and sale of the drug Avara. Plaintiff alleges that his deceased wife, Trinidad Garcia-Bhandari, was prescribed and began taking Avara in August 2002, which caused severe, irreversible liver damage leading to her death in November 2000.

Defendants are treating physicians, Aventis (the manufacturer of Avara), and its domestic and foreign affiliates, which include manufacturing, marketing and distributing

entities.  Presently before this Court are the Quintiles Defendants'[1] Motion for Sanctions under Rule 11 of the Federal Rules of Civil Procedure (FED. R. CIV. P.) (Docket No. 64), and Motion to Dismiss under FED. R. CIV. P. 41(b) for failure to prosecute (Docket No. 63). Also pending are the remaining Defendants' Motions for Summary Judgment and to Dismiss under FED. R. CIV. P. 56 and FED. R. CIV. P. 41.  (Docket Nos. 67, 68).

An Order was entered on August 21, 2007, by then-presiding Judge John T. Elfvin, directing Plaintiff to respond to the above-mentioned motions by September 24, 2007. Plaintiff filed only a two paragraph attorney affidavit in response to the sanctions motion, arguing that, under New York law, a party's decision whether to voluntarily let a party out of a case is not sanctionable. Plaintiff did not respond to the summary judgment or dismissal motions. (Docket No. 69).

This case was reassigned to the undersigned on October 17, 2007, after Judge Elfvin elected to take inactive status.  On December 17, 2007, this Court directed Plaintiff to file and serve responses to all outstanding motions by January 4, 2008.  This Order advised Plaintiff that failure to file and serve such responses as directed may result in dismissal of the case, either pursuant to Rule 7.1(e) of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York, or under FED. R. CIV. P. 41(b), for failure to prosecute.  (Docket No. 73).  Plaintiff failed to comply with this Order.  To date, no response to the pending motions has been filed.

---

[1] Defendants Quintiles, Inc., Quintiles Transitional Corp., and Quintiles Laboratories LTD.

## II.  DISCUSSION

F<small>ED</small>. R. C<small>IV</small>. P. 41(b), provides that dismissal is warranted:

> [f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

F<small>ED</small>. R. C<small>IV</small>. P. 41(b).

Although Rule 41(b) does not define failure to prosecute, the Second Circuit has stated that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982).  Dismissal pursuant to Rule 41(b) falls within the court's discretion.  *See* id. at 42-43 ("the scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion").  It is, however, "a harsh remedy to be utilized only in extreme situations." Harding v. Fed. Reserve Bank, 707 F.2d 46, 50 (2d Cir. 1983) (quoting Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)).

The following factors, none of which are individually determinative, must be considered in determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures; (2) whether the plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether an appropriate balance has been struck between alleviating the court's

calendar congestion and protecting the litigants' due process rights; and (5) whether lesser sanctions would be appropriate.  See United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004); Feurtado v. City of New York, 225 F.R.D. 474, 477 (S.D.N.Y. 2004).  In the present case, these factors weigh in favor of dismissal.

### 1. Duration of Failures

The relevant inquiry on this factor is twofold: (a) whether the plaintiff is at fault for failing to prosecute, and (b) whether the plaintiff's failures were of significant duration.  See Norden Sys., 375 F.3d at 255.  Here, Plaintiff is solely at fault for failing to prosecute this case. He did not pursue any meaningful discovery and failed to comply with two Court orders to file responses to Defendants' motions.  Further, with respect to duration, Plaintiff's inaction in this case has caused an unnecessary delay of more than two years.  This is a failure of significant duration, warranting dismissal.  See Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311, 2000 WL 1677984, at *2 (S.D.N.Y. 2000) (finding that delay of four months warranted dismissal).

In particular, the undisputed evidence submitted by the Defendants establishes that the extended discovery period reflected in the March 7, 2005 Scheduling Order was granted by Judge Elfvin at the urging of Plaintiff's counsel.  Since then, however, Plaintiff has taken no steps to prosecute this case.  He has served no discovery requests upon Defendants, made no motions, and has completely failed to respond to the various Defendants' discovery requests.  An attempt by one of the Defendant's counsel to obtain a voluntary Stipulation of Dismissal garnered some initial response but was ultimately ignored by Plaintiff's counsel.

Thus, this Court finds that this factor weighs in favor of dismissal — all delay is attributable to Plaintiff, and is of significant duration.

### 2. Notice of Dismissal

The Second Circuit requires that the plaintiff receive adequate notice that his case could be dismissed due to inaction. *See* Martens v. Thomann, 273 F.3d 159, 180-81 (2d Cir. 2001). This Court finds that Plaintiff had adequate notice. Plaintiff has been represented by counsel throughout these proceedings who presumably is aware of the consequences for failure to engage in any discovery, respond to discovery requests or comply with court orders. Further, Plaintiff was warned by this Court that his failure to respond to the instant motions, and to the court's order, could result in dismissal of his case. This factor, therefore, also weighs in favor of dismissal. *See* Lyell Theatre, 682 F.2d at 42-43 (dismissal upheld where plaintiff was warned that dismissal for failure to prosecute was possible).

### 3. Prejudice to Defendants

This factor requires an inquiry into whether the defendants have been prejudiced by the plaintiff's inaction. "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater." Lyell Theatre, 682 F.2d at 43 (citations omitted). In the present case, prejudice can be presumed because the delay of over two years is significant and Plaintiff has provided no excuse therefore.

Further, in Lyell Theatre, the court presumed prejudice where, on numerous occasions, the plaintiff failed to file documents as directed by the court. Id. at 39-40, 43.

Similar to the present case, the plaintiff in Lyell Theatre ignored two court orders to file responses to the defendants' motions, even after the latter of the two orders warned that the case could be dismissed should he not respond. Id. at 39. Thus, this factor weighs in favor of dismissal.

### 4.   Balance between Calendar Congestion and Due Process Rights

The fourth factor requires the court to consider the balance between calendar congestion and the plaintiff's right to present his or her case. *See* Norden Sys., 375 F.3d at 257. In this regard, "'a court must not let its zeal for a tidy calendar overcome its duty to justice.'" Feurtado, 225 F.R.D. at 480 (quoting Davis v. United Fruit Co., 402 F.2d 328, 331 (2d Cir. 1968)). Plaintiff's inaction has caused Judge Elfvin and this Court to prepare and file several orders, and to unnecessarily set an extended discovery period. This expenditure of judicial resources is wasteful. But standing alone, this Court cannot conclude that this effect on docket congestion has been significant. It is noted, however, this case has been pending on the docket for more than five years, and Plaintiff has made no discernable effort to move forward within approximately the past three years. Therefore, the overall circumstances in this case weigh in favor of dismissal with respect to this factor as well.

This Court also notes that Plaintiff has been afforded Due Process rights in that he has been provided numerous opportunities to comply with the orders of this Court. Plaintiff's failure to litigate this matter is entirely of his own making, and thus not a denial of Due Process. *See* Dodson v. Runyon, 957 F.Supp. 465, 470 (S.D.N.Y. 1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay

and resultant dismissal of plaintiff's case are of his own making"); Feurtado, 225 F.R.D. at 480 (repeated failure to comply with court orders diminishes a plaintiff's right to present his claims). Accordingly, this factor also weighs in favor of dismissal.

### 5. Consideration of Lesser Sanctions

Finally, the Second Circuit requires district courts to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction. *See* Norden Sys., 375 F.3d at 257. Upon a review of the record herein, it is this Court's opinion that Plaintiff has no intention of complying with its Orders or properly litigating this case. Plaintiff has ignored discovery requests and demands by the Defendants, served no discovery upon the Defendants, and failed to respond to motions as directed by the Court on several occasions.[2] Given the history of this case, this Court finds that any sanction short of dismissal would be ineffective. *See* Smith v. Human Res. Admin. of New York City, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) (finding lesser sanctions inappropriate where past court orders did not motivate the plaintiff to move the case forward); Alevizopoulos, 2000 WL 1677984, at 4 (finding lesser sanctions inappropriate based on repeated failures to comply with court orders). Thus, this final factor also weighs in favor of dismissal.

Accordingly, this Court finds that dismissal of this case is warranted under FED. R. CIV. P. 41(b) for Plaintiff's failure to prosecute.

---

[2] The only response Plaintiff has filed was in an effort to avoid sanctions, completely ignoring the companion motion to dismiss for failure to prosecute, which was filed that same day. The response did not indicate that Plaintiff had any intentions to pursue this case, or why he had not done so to date.

### III. CONCLUSION

This Court concludes that Plaintiff's failures in this case go beyond procedural deficiencies and constitute actual neglect. Plaintiff has failed to diligently prosecute this action, and has failed to comply with orders of the Court. As such, because each of the factors relevant to the FED. R. CIV. P. 41(b) analysis favor dismissal, this Court will dismiss this case with prejudice. Moreover, this Court has reviewed the Quintiles Defendants' Motion for Sanctions under Rule 11 and declines to impose sanctions. In this Court's view, the dismissal of this case with prejudice is a sufficient sanction.

### IV. ORDERS

IT HEREBY IS ORDERED, that Defendants' Motions to Dismiss and for Summary Judgment (Docket Nos. 63, 67, 68) are GRANTED to the extent they seek dismissal for failure to prosecute.

FURTHER, that Defendants' Motion for Sanctions (Docket No. 64) is DENIED.

FURTHER, that this case is dismissed with prejudice pursuant to FED. R. CIV. P. 41(b).

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.


Dated:      February 1, 2008
              Buffalo, New York

                                            /s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                    United States District Judge